**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-870-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

DYLAN MR LOVELAND,

      Plaintiff,

v.

WALMART STORES, INC., doing business as SAM'S CLUB, a division of Walmart
      Stores, Inc.,

      Defendant.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND FILE AMENDED
TITLE VII COMPLAINT**

---

Plaintiff, Dylan Loveland, has submitted *pro se* an Application to Proceed in

District Court Without Prepaying Fees or Costs (ECF No. 2) and a Title VII Complaint

(ECF No. 1) pursuant to Title VII asserting discrimination and sexual harassment.  As

part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has

determined that the submitted documents are deficient as described in this order.

Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any

papers that Plaintiff files in response to this order must include the civil action number

on this order.

**Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915**:

(1)   __     is not submitted
(2)   __     is not on proper form (must use the Court's current form)
(3)   __     is missing original signature by plaintiff/petitioner/applicant
(4)   __     is missing affidavit

(5)   __   affidavit is incomplete
(6)   __   affidavit is not notarized or is not properly notarized
(7)   __   names in caption do not match names in caption of complaint, petition or application
(8)   __   other:

**Complaint or Petition**:
(9)   __   is not submitted
(10)   __   is not on proper form (must use the Court's current form)
(11)   __   is missing an original signature by the plaintiff/petitioner/applicant
(12)   _X_   is incomplete.  <u>Fails to assert claims.  Does not include pages 3, 4, or 5 of the court-approved Title VII Complaint Form.</u>
(13)   __   uses et al. instead of listing all parties in caption
(14)   __   names in caption do not match names in text
(15)   __   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16)   _X_   other: <u>Failed to submit notice-of-right-to-sue letter as directed on page 2, ¶ 8.</u>

Mr. Loveland fails to assert any claims and/or attach a notice-of-right-to-sue letter, if available.  In his Complaint, he alleges that he received a notice-of-right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) on January 25, 2016 (ECF No. 1 at 2), but he failed to attach it to the complaint as directed.

To bring a claim under Title VII, a claimant must exhaust his or her administrative remedies as to each claim of discrimination.  *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (noting that  exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII).  The first step to exhaustion is the filing of a charge of discrimination with the EEOC.  *See Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir.1996) (noting that the EEOC filing is a jurisdictional requirement).  The purposes of the administrative exhaustion requirement are:  "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim."  *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994), *abrogated on other grounds*, *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir.2003).

An EEOC charge must contain facts that would prompt an investigation into the claim at issue. *Jones v. UPS*, 502 F.3d 1176, 1183-86 (10th Cir.2007).  "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City and County of Denver, CO.*, 414 F.3d 1266 (10th Cir.2005).

Mr. Loveland will be directed to file an Amended Title VII Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

It is Mr. Loveland's responsibility to present his claims in a manageable and readable format that allows the Court and the defendant to know what claims are being

asserted and to be able to respond to those claims.  Mr. Loveland must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Loveland is warned that if he fails to comply with this order, the action will be dismissed without prejudice.  However, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if he seeks to refile in this Court because the ninety-day limitations period for filing a Title VII action may have run on his claims.  *See* 42 U.S.C. § 2000e-5(f)(1) (A claimant has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC).

Accordingly, it is

ORDERED that Plaintiff, Dylan Loveland, cure the deficiencies designated above and file an amended Title VII Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended Title VII Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies and file an amended Title VII Complaint **within thirty (30) days from the date of this order**, the Title VII Complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED April 19, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge